WILLIAM CARDELL *vs.* ABEL E. BRIDGE.

One who has performed work in tanning hides, under a written contract, though not in conformity to the terms thereof, may recover the amount by which he has benefited the owner, under a declaration on an account annexed.

A claim for unliquidated damages cannot be allowed in set-off.

If the original writ in an action is duly stamped, the magistrate's certificate upon depositions taken to be used therein need not be stamped.

CONTRACT. The declaration was upon an account annexed, containing, amongst other items, a charge for " tanning and

delivering 6688 pounds of leather, at 5½ cts. per pound, as per agreement." The answer averred that the work was done under a special written agreement, the terms of which the plaintiff had failed to fulfil. The defendant also filed a declaration in set-off, alleging that the plaintiff owed him six hundred dollars, for loss sustained by reason of the unworkmanlike tanning of leather. The writ was duly stamped.

At the trial in the superior court, before *Russell*, J., it appeared that, by letters passing between the parties, the plaintiff agreed to tan the hides in a good and workmanlike manner. The judge ruled that if the plaintiff had not kept his agreement he could only recover the amount by which he had benefited the defendant; that, in ascertaining this amount, the jury would take the contract price as the basis, and find how much less the work was worth by reason of its not being performed according to the agreement; that no recovery could be had upon the defendant's declaration in set-off, and that the only thing the defendant could do in this action was to defeat the plaintiff's claim in whole or in part, and that certain depositions, offered by the plaintiff, were admissible in evidence, although the magistrates' certificates thereon were not stamped.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. P. Harding*, for the defendant.

*E. M. Bigelow*, for the plaintiff, was not called upon.

METCALF, J. The jury were correctly instructed that if the plaintiff had not kept his agreement with the defendant, he could recover only " the amount by which he had benefited the defendant." That he was entitled to recover that amount is settled by the cases of *Hayward* v. *Leonard*, 7 Pick. 181; *Bassett* v. *Sanborn*, 9 Cush. 58, and several intermediate decisions. In some of those cases, a recovery was had on the common count of *quantum meruit*. And this plaintiff may recover on the count annexed to his writ. Such count may, by the Gen. Sts. c. 129, § 2, cl. 7, be used when one or more items are claimed, either of which would be correctly described by any one of the common counts.

It is a sufficient reason for the ruling that the plaintiff could not recover on his declaration in set-off, that it was a claim for unliquidated damages. Gen. Sts. *c.* 130, § 3.

The objection to the admission in evidence of depositions, which had not a United States revenue stamp attached to the magistrate's certificate thereon, was rightly overruled. If any such stamp is necessary to the validity of legal process issued by a state court, we are of opinion that when one is affixed to an original writ, another need not be affixed to a deposition filed in the case. *Exceptions overruled.*